**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* ______ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/25**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **iRobot US Holdings, LLC** | |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **iRobot US Holdings Inc.** | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **20-3635237** | |
| 4. | **Debtor's address** | **Principal place of business**<br><br>**8 Crosby Drive, Bedford, MA 01730**<br>Number, Street, City, State & ZIP Code<br><br>**Middlesex**<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | **www.irobot.com** | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: | |

Debtor **iRobot US Holdings, LLC** Case number (*if known*)
Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**3352**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check* ***all*** *that apply*:

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
- ☒ A plan is being filed with this petition.
- ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

District ______ When ______ Case number ______
District ______ When ______ Case number ______

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

Debtor **iRobot US Holdings, LLC** Case number (*if known*) ____________
Name

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | ***See* Rider 1** | Relationship | **Affiliates** |
| District | **Delaware** When ______ | Case number, if known | |

**11. Why is the case filed in *this district?***

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? ____________

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ____________

**Where is the property?** ____________

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency ____________

Contact name ____________

Phone ____________

**Statistical and administrative information (on a consolidated basis)**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**[1]

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**[2]

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**[3]

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

[1] The Debtors' estimated number of creditors is provided on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto.

[2] The Debtors' estimated assets are provided on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto. The Debtors' estimated assets are based on book value and are not intended to reflect fair market value.

[3] The Debtors' estimated liabilities are provided on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto.

Debtor **iRobot US Holdings, LLC**
Name

Case number (*if known*) ____

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **12/14/2025**
MM / DD / YYYY

**X** ***/s/ Karian Wong***
Signature of authorized representative of debtor

**Karian Wong**
Printed name

Title **Chief Financial Officer**

---

**18. Signature of attorney**

**X** ***/s/ Andrew L. Magaziner***
Signature of attorney for debtor

Date **12/14/2025**
MM / DD / YYYY

**Andrew L. Magaziner**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **302-571-6600** Email address **AMagaziner@ycst.com**

**5426 DE**
Bar number and State

# Rider 1

## Affiliated Entities

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in the United States Bankruptcy Court for the District of Delaware a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filing of these petitions, such entities filed a motion requesting joint administration of their chapter 11 cases under the case number assigned to the chapter 11 case of iRobot Corporation.

| | Entity Name | Federal Employee Identification Number (EIN) |
|---|---|---|
| 1. | iRobot Corporation | 77-0259335 |
| 2. | iRobot US Holdings, LLC | 20-3635237 |
| 3. | iRobot Holdings LLC | 20-3635307 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| iROBOT CORPORATION, *et al.*,[1] | ) | Case No. 25-_____ (___) |
| Debtors. | ) | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP**
**STATEMENT AND LIST OF EQUITY SECURITY HOLDERS**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor" and, collectively, the "Debtors") hereby state as follows:

1. The Debtors' mailing address is 8 Crosby Drive, Bedford, Massachusetts 01730.

2. Debtor iRobot Corporation ("iRobot") is publicly traded. A list of iRobot's equity interest holders is attached hereto as **Exhibit A**.[2]

3. iRobot owns 100% of the equity interests in Debtor iRobot US Holdings, LLC ("iRobot US").

4. iRobot US owns 100% of the equity interests in Debtor iRobot Holdings LLC.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: iRobot Corporation (9335); iRobot US Holdings, LLC (5237); and iRobot Holdings LLC (5307). For purposes of these chapter 11 cases, the Debtors' service address is 8 Crosby Drive, Bedford, MA 01730.

[2] The list of iRobot's equity interest holders attached hereto is as of December 8, 2025.

# **Exhibit A**

## List of iRobot's Equity Interest Holders

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re: iRobot Corporation
Debtor(s)

Case No. ______
Chapter 11

## LIST OF REGISTERED EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the debtor respectfully represents that the below list identifies the registered holders of iRobot Corporation's sole class of equity interests and sets forth the nature and number of such interests held as of December 8, 2025.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kinds of Interests |
|---|---|---|---|
| AARON JOHNSON CUST BODHI JOHNSON<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ABIGAIL ANDERSON<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ADAM K R CABANTING CUST CASSADINE KEALI'IMOIWAI FUATA-CABANTING<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ALAN RICHARDSON CUST WESLEY MARSHALL<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ALEX METZ<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ALEXIS RHONE CUST AVERY MARSALIS RHONE<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ANDREW D LITTLEJOHN<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ANGEL E MARTINEZ<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ANGELA WHITE CUST GIOVANI WHITE<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| AUSTIN T HUNTER<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| AUTUMN HOMZA CUST REID HOMZA<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| BDS PARTNERSHIP<br>C/O JOHN MORAVEC GENERAL PARTNER<br>(ADDRESS REDACTED) | COMMON | 810 | COMMON |
| BETTY FRY CUST MATTHEW C FRY<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| BRENT WILSON & JAMIE WILSON<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| BRIAN PATRICK MCLAUGHLIN<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| BRYAN SCULTHORPE CUST COLLINS SCULTHORPE<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| CARL DON HAYCOCK<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| CARL J KAMPH CUST DALE THOMAS KAMPH<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| CARLA E DEVORE<br>(ADDRESS REDACTED) | COMMON | 7 | COMMON |

In re: iRobot Corporation Case No.________________________
Debtor(s)

# LIST OF REGISTERED EQUITY SECURITY HOLDERS

(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kinds of Interests |
|---|---|---|---|
| CASSIDY ARMENTROUT CUST JAXON ARMENTROUT<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| CEDE & CO<br>570 WASHINGTON BLVD<br>JERSEY CITY NJ 07310 | COMMON | 31,903,668 | COMMON |
| CESAR CHAVEZ CUST CHRISTIAN CHAVEZ<br>(ADDRESS REDACTED) | COMMON | 2 | COMMON |
| CHRIS MUELLER<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| CHRISTINE RHODES CUST JACOB RHODES<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| CHRISTINE TINER CUST JAMES D TINER<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| CHRISTOPHER ALEXANDER ALVAREZ<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| CHRISTY JANDA CUST BRYAN JANDA<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| CINDE ORLICK CUST JACOB ORLICK<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| CINDY PARKER CUST MAXWELL STOUGHTON<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| COLE M KESSLER<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| CRAIG LEE CUST DEBORAH LEE<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| DANIEL POLNEROW<br>(ADDRESS REDACTED) | COMMON | 10 | COMMON |
| DANIEL V RINALDI & PATRICIA B RINALDI<br>(ADDRESS REDACTED) | COMMON | 289 | COMMON |
| DAVID INGRAHAM CUST FINLAY INGRAHAM<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| DIANE WALSH CUST MICHAEL G WALSH<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| DIRECTOR OF FINANCE STATE OF HAWAII<br>DIRECTOR OF FINANCE<br>STATE OF HAWAII<br>UNCLAIMED PROPERTY PROGRAM<br>250 S HOTEL STREET ROOM 304<br>HONOLULU HI 96813 | COMMON | 1 | COMMON |
| DONALD CAMPBELL CUST CHRISTOPHER CAMPBELL<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| DOUGLAS T HAWOTTE CUST GARRET M HAWOTTE<br>(ADDRESS REDACTED) | COMMON | 5 | COMMON |
| EDUARDO RUIZ CUST CREW RUIZ<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |

In re: iRobot Corporation Case No.________________________
Debtor(s)

# LIST OF REGISTERED EQUITY SECURITY HOLDERS

(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kinds of Interests |
|---|---|---|---|
| EDWARD RAMBO CUST JACK ADAMS (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ELEANOR JANE MANN (ADDRESS REDACTED) | COMMON | 50 | COMMON |
| ELIZABETH HAYDEN CUST LONDON J DUKES (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| EPHRAIM LEIBTAG CUST NAVON ABRAHAM LEIBTAG (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ERNEST N BIKTIMIROV & LIANA E BIKTIMIROVA & KARINA E BIKTIMIROVA (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ESTEVAN GUERRERO (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| EUREKA F COLLINS CUST MEKANI G COLLINS (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| EVELYN PETERSON (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| FATIMA JALLOW CUST AMINA JALLOW (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| GEORGE JOUVIN CUST BENICIO WARD JOUVIN (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| GLENN E BOSSE CUST NOLAN G BOSSE (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| GRACE MYHRE CUST ANDREW MYHRE (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| HALLE SOPHIA IWASZKO (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| HENRY GORDON (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JAMES BURRELL (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JAMES D COLVIN CUST GRANT M COLVIN (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JASON PINCE CUST LUCAS PINCE (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JEAN MARY NICOLAS (ADDRESS REDACTED) | COMMON | 3 | COMMON |
| JEFF BARRETT CUST BRADY BARRETT (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JEFFREY CLARK WELCH CUST JAMES CAMDEN WELCH (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JENNIFER L EADDY CUST JACK H EADDY (ADDRESS REDACTED) | COMMON | 1 | COMMON |

In re: iRobot Corporation Case No.____________
Debtor(s)

# LIST OF REGISTERED EQUITY SECURITY HOLDERS

(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kinds of Interests |
|---|---|---|---|
| JESSICA J CURTIS (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JESSICA LICHTAS CUST RONIN CONOAN (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JESUS LEON CUST SONIA LEON (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JODI BOSSAK CUST GAVIN MYLES BOSSAK (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JOHN DAWSON CUST OWEN DAWSON (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JOHN GOLDFINCH & ANN GOLDFINCH (ADDRESS REDACTED) | COMMON | 100 | COMMON |
| JOHN W GROVE CUST CARTER C GROVE (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JOHN S LANKFORD (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JOHN RAWLINGS & ANGELA RAWLINGS (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JOHN STEVENS CUST ALEX PITTELLI (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JOHN STROUD CUST AUSTIN STROUD (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JOHN STROUD CUST BAILEY STROUD (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JORDAN N WHITE (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JUDY T FOSS CUST JAMES RICHARD GASTON (ADDRESS REDACTED) | COMMON | 20 | COMMON |
| JULIE FLASCHENRIEM CUST CAMERON FLASCHENRIEM (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| JUSTUS BENJAMIN IV (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| KALANI PUAMANA AWANA (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| KAREL F ONDRA (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| KAREN SMITH CUST DYLAN LERCH (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| KARL VAN DYK (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| KAYLYN HEADLEE CUST BENJAMIN MOORE (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| KENT MCCONNELL CUST BENNY MCCONNELL (ADDRESS REDACTED) | COMMON | 1 | COMMON |

In re: iRobot Corporation Case No.____________________
Debtor(s)

# LIST OF REGISTERED EQUITY SECURITY HOLDERS

(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kinds of Interests |
|---|---|---|---|
| KETARA CHARLES CUST KELAND HARRIS<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| KEVIN DUNPHY JR<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| KEVIN LYONS<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| KEVIN PITTARD CUST MATTHEW PITTARD<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| KIMBERLY SWORD<br>(ADDRESS REDACTED) | COMMON | 32 | COMMON |
| KRISTINA E MANASARYANTS<br>(ADDRESS REDACTED) | COMMON | 20 | COMMON |
| KRISTOPHER ALLEN FORAKER<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| KSD SECURITIES MUSEUM<br>YEONGDEUNGPO-GU<br>23<br>YEOUINARU-RO 4-GIL<br>SEOUL 07330<br>REPUBLIC OF KOREA (S)<br>07330 | COMMON | 1 | COMMON |
| LA'KISHA N BLUE CUST ISAIAH WHITTAKER<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| LEANNE BOBER CUST JACK BOBER<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| LEIALOHA KAMALANI AWANA<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| LEONARD RAMIREZ<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| LEORA DAWN AWANA CUST KEAHILANI KEALIIOKONAIKALEWA AWANA<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| LESLEY K HILL<br>(ADDRESS REDACTED) | COMMON | 15 | COMMON |
| LESLIE M ROMAN<br>(ADDRESS REDACTED) | COMMON | 11 | COMMON |
| LINDA MITHAUG CUST RONIN MITHAUG<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MADELINE MARIE BUTLER<br>(ADDRESS REDACTED) | COMMON | 500 | COMMON |
| MARC J BERMAN<br>(ADDRESS REDACTED) | COMMON | 448 | COMMON |
| MARLON BASEL CUST CLEO BASEL<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MARSHALL WOLF<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |

In re: iRobot Corporation Case No._________________________

Debtor(s)

# LIST OF REGISTERED EQUITY SECURITY HOLDERS

(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kinds of Interests |
|---|---|---|---|
| MARY W BOWLES<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MARY ANN PASQUALI CUST DOMINIC ORESTE PASQUALI<br>(ADDRESS REDACTED) | COMMON | 100 | COMMON |
| MARY ANN PASQUALI CUST GINA GIOVANNA PASQUALI<br>(ADDRESS REDACTED) | COMMON | 100 | COMMON |
| MARY WEST CUST JULIA WEST<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MATTHEW V CRESCENTI<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MATTHEW J MARTINEZ<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MATTHEW D YEHLING CUST THOMAS M YEHLING<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MATTHEW LANCASTER<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MEGAN MICHELE BUTLER<br>(ADDRESS REDACTED) | COMMON | 500 | COMMON |
| MELISSA SUE FERRARO<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MELISSA WEAVER CUST MASON WEAVER<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MEREDITH AURORA ELLETT<br>(ADDRESS REDACTED) | COMMON | 500 | COMMON |
| MICHAEL ADAM CETERA CUST LILY CETERA<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MICHAEL DUNN CUST MATEO DUNN<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MICHAEL GOOD CUST COLLIN MICHAEL HOWALD<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MICHAEL PALMER CUST QUINTON PALMER<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MICHAEL PISAPIA CUST HARRY JACK GLYNNE PISAPIA<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MICHAEL K RADTKE<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MICHAEL TROTTA & MARY TROTTA<br>(ADDRESS REDACTED) | COMMON | 100 | COMMON |
| MICHELLE DENISE SMITH<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MICHELLE HURTIN<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| MILES MANN<br>(ADDRESS REDACTED) | COMMON | 50 | COMMON |

In re: iRobot Corporation Case No.________________________
Debtor(s)

# LIST OF REGISTERED EQUITY SECURITY HOLDERS

(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kinds of Interests |
|---|---|---|---|
| NATHANIEL HALLAGAN<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| NEIL J FISHER & KATHLEEN M FISHER<br>(ADDRESS REDACTED) | COMMON | 1,000 | COMMON |
| OMAR BELLORIN CUST DANIEL FELIX BELLORIN-KUNDEL<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ONNO HOOGENDOORN<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| PAIGE LAVEN CUST ORYN CELESTE SAINDON<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| PATRICK SHOOK CUST DYLAN P SHOOK<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| PAULETTE BROGAN GDN ISAAC BROGAN<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| PETER ANDREW ANTHONY<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| PETER C TSARDOUNIS<br>(ADDRESS REDACTED) | COMMON | 480 | COMMON |
| PRUDENCE Y JOHNSON CUST SHARIBELLE JOHNSON-ALVAREZ<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| REBEKAH LOHMAN CUST AUNABEL O'CONNOR<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| RICARDO PANLILIO JR<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| RICARDO ROJAS ISIDORO<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| RICHARD PATRICK LYONS<br>(ADDRESS REDACTED) | COMMON | 3 | COMMON |
| RICHARD T SEMMLER II CUST AUSTIN EDWARD SEMMLER<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ROBBIE ANAGNOSTOU<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ROBERT GRECO CUST JULIAN GRECO<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ROBERT HARMAN CUST HARRISON HARMAN<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ROBYN COLLIER CUST JOHN JACKSON JR<br>(ADDRESS REDACTED) | COMMON | 3 | COMMON |
| ROSITA BAKER CUST RICCIA CASTONE<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ROY OUANO CUST JADE OUANO<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| RYAN D BARTON<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |

In re: iRobot Corporation Case No.
Debtor(s)

# LIST OF REGISTERED EQUITY SECURITY HOLDERS

(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kinds of Interests |
|---|---|---|---|
| RYAN J MASON CUST WILLIAM R MASON (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| SANDRO YU (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| SARAH FINNEY (ADDRESS REDACTED) | COMMON | 240 | COMMON |
| SCOTT PENYAK & DAVID DORMAN (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| SHARON NOYCE CUST JAYDON KIM (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| SHAWN NEWSON CUST BLAKE ALEXANDER FRIEND NEWSON (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| SHAWN NEWSON CUST BLAKE ALEXANDER FRIEND NEWSON (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| SHERI M WEINTRAUB (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| STEPHANIE ROSE WOLF (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| STEVE SAECHAO (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| SUSAN CHUDOVAN CUST MARY ELISE CHUDOVAN (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| SUSAN FLORES CUST LANDEN FLORES (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| TAMELA NELSON CUST JACOB HEARD (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| TAWANNA TALBERT DARRING CUST SKAI D TALBERT DARRING (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| THOMAS LAVEN CUST MEMPHIS LAVEN (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| TIFANY YESKE CUST JAYCE YESKE (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| TIMOTHY HAAR (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| TOM RYDEN (ADDRESS REDACTED) | COMMON | 2,000 | COMMON |
| TRACY BURMAN CUST BEN BURMAN (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| VALERIE CLARK CUST DOMINICK CLARK (ADDRESS REDACTED) | COMMON | 1 | COMMON |
| VINCENT L ALLEN (ADDRESS REDACTED) | COMMON | 1 | COMMON |

In re: iRobot Corporation Case No.____________________
Debtor(s)

# LIST OF REGISTERED EQUITY SECURITY HOLDERS

(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kinds of Interests |
|---|---|---|---|
| VIRGINIA L HERRERA & PATRICIA A ATKINS<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| WENDY BRENMAN CUST NOAH BRENMAN<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| WILLIAM BRENT LANDER<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| WILLIAM J GLASCOFF CUST NICHOLAS MICHAEL GLASCOFF<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| WILLIAM GRIMM CUST PAYTON CONLEY COOPER<br>(ADDRESS REDACTED) | COMMON | 1 | COMMON |
| ZOE MANN<br>(ADDRESS REDACTED) | COMMON | 50 | COMMON |

**Fill in this information to identify the case:**
Debtor name: iRobot Corporation, *et al.*
United States Bankruptcy Court for the: District of Delaware
Case number (If known):

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Santrum Hong Kong Co., Limited and Shenzhen PICEA Robotics Co., Limited<br>Building A6, PICEA Group Industrial Park<br>No. 145 Yuhu Road<br>Yulv Community<br>Guangming District<br>Shenzhen, Guangdong Province 518107<br>China | HaiTao Gong and KaiQi Yang<br>Email - gonght1049@piceacorp.com; yangkq102741@piceacorp.com<br>Phone - 86-1732-8378851 | Trade Payable | | | | $ 98,917,827 |
| 2 | GXO Logistics Supply Chain, Inc.<br>Two American Lane<br>Greenwich, CT 06831<br>USA | Baris Oran<br>Chief Financial Officer<br>Email - baris.oran@gxo.com<br>Phone - 203-489-1287 | Trade Payable | | | | $ 5,805,818 |
| 3 | US Customs and Border Protection<br>1300 Pennslyvania Ave., NW<br>Washington, DC 20229<br>USA | Rodney Scott<br>Commissioner<br>Email - privacy.cbp@cbp.dhs.gov<br>Phone - 202-325-8000 | Unpaid Tariffs | Unliquidated | | | $ 3,445,776 |
| 4 | BYD Company Limited<br>No. 3009<br>BYD Road<br>Pingshan<br>Shenzhen, Guangdong Province 518118<br>China | Wang Chuanfu<br>Chief Executive Officer<br>Email - wangchuanfu@gmail.com<br>Phone - 86-755-89888888 | Unpaid Settlement | | | | $ 2,700,000 |
| 5 | XChange Property Owner, L.P.<br>235 Montgomery Street<br>16th Floor<br>San Francisco, CA 94104<br>USA | Brandon Shorenstein<br>Chief Executive Officer<br>Email - bshorenstein@shorenstein.com<br>Phone - 415-772-7000 | Trade Payable | | | | $ 1,786,779 |
| 6 | Arrow Electronics, Inc. (acquirer of eInfochips, Inc.)<br>9151 E Panorama Cir<br>Centennial, CO 80112<br>USA | Raj Agrawal<br>Chief Financial Officer<br>Email - raj.agrawal@arrow.com<br>Phone - 303-824-4000 | Trade Payable | | | | $ 1,476,396 |
| 7 | Digitas, Inc.<br>375 Hudson Street<br>New York, NY 10014<br>USA | Peter Miller<br>Chief Financial Officer<br>Email - peter.miller@digitaslbi.com<br>Phone - 212-610-5000 | Trade Payable | | | | $ 1,471,634 |
| 8 | Xrobot Hong Kong Limited<br>Room 803 Chevalier House<br>45-51 Chatham Road South<br>Tsim Sha Tsui<br>KL<br>Hong Kong, 999077<br>China | Owen Sun<br>VP of Sales and Marketing<br>Email - sunjinning@yxrobot.com | Trade Payable | | | | $ 1,395,646 |
| 9 | Salesforce, Inc.<br>415 Mission Street<br>San Francisco, CA 94105<br>USA | Robin Washington<br>Chief Financial Officer<br>Email - robin.washington@salesforce.com<br>Phone - 415-901-7000 | Trade Payable | | | | $ 1,372,350 |
| 10 | Thundercomm<br>5405 Morehouse Drive<br>Suite 210<br>San Diego, CA 92121<br>USA | Pier Zhang<br>Head of IOT Product and Marketing<br>Email - pier.zhang@am.thundersoft.com<br>Phone - 858-352-6181 | Trade Payable | | | | $ 1,270,707 |
| 11 | Transactional International Services Limited d/b/a Telus International<br>25 York Street<br>Toronto, Ontario M5J 2V5<br>Canada | Gopi Chande<br>Chief Financial Officer<br>Email - gopi.chande@telus.com<br>Phone - 604-697-8044 | Trade Payable | | | | $ 1,070,396 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 12 | Zheng Yu Industrial (HK) Co., Limited<br>Zhengu Industrial Park<br>Dongfeng Village<br>Xinxu Town<br>Huiyang District<br>Huizhou City, Guangdong 516223<br>China | Zhengzhong Hu<br>Email - zz.hu@szzhengyu.com<br>Phone - 86-1392-3808049 | Trade Payable | | | | $ 1,050,150 |
| 13 | BDS Connected Solutions, LLC<br>25692 Atlantic Ocean Drive<br>Lake Forest, CA 92630<br>USA | Ken Kress<br>Chief Executive Officer<br>Email - ken@bdsmktg.com<br>Phone - 800-234-4237 | Trade Payable | | | | $ 900,659 |
| 14 | Amazon Web Services, Inc.<br>410 Terry Avenue North<br>Seattle, WA 98109<br>USA | John Felton<br>Chief Financial Officer<br>Email - jarea@amazon.com<br>Phone - 206-266-4064 | Trade Payable | | | | $ 867,821 |
| 15 | Aon Risk Services Northeast, Inc.<br>200 E Randolph Street<br>Chicago, IL 60601<br>USA | Darren Zeidel<br>General Counsel<br>Email - darren.zeidel@aon.com<br>Phone - 847-442-0622 | Trade Payable | | | | $ 313,822 |
| 16 | Elixirr Digital, Inc.<br>2600 Network Blvd<br>Suite 570<br>Frisco, TX 75034<br>USA | Chris Jordan<br>Chief Executive Officer<br>Email - jordanm39@gmail.com<br>Phone - 214-618-5000 | Trade Payable | | | | $ 691,175 |
| 17 | GuidePoint Security, LLC<br>1900 Reston Metro Plaza<br>Suite 701<br>Reston, VA 20190<br>USA | Michael Annessa<br>Chief Financial Officer<br>Email - michael.annessa@guidepointsecurity.com<br>Phone - 877-899-0132 | Trade Payable | | | | $ 523,306 |
| 18 | CoreCentric Solutions, Inc.<br>191 E. North Avenue<br>Carol Stream, IL 60188<br>USA | Sarah Chalawa<br>Chief Financial Officer<br>Email - schalawa@corecentricsolutions.com<br>Phone - 630-216-5000 | Trade Payable | | | | $ 478,822 |
| 19 | Protagon Display, Inc.<br>719 Tapscott Road<br>Toronto, Ontario M1X 1A2<br>Canada | Larry Titchner<br>Chief Executive Officer<br>Email - ltitchner@protagon.com<br>Phone - 416-293-9500 | Trade Payable | | | | $ 407,897 |
| 20 | Zuora, Inc.<br>101 Redwood Shores Pkwy<br>Redwood City, CA 94065<br>USA | Todd Mcelhatton<br>Chief Financial Officer<br>Email - tmcelhatton@zuora.com<br>Phone - 888-976-9056 | Trade Payable | | | | $ 349,257 |
| 21 | Oracle America, Inc.<br>2300 Oracle Way<br>Austin, TX 78741<br>USA | Stuart Levey<br>Chief Legal Officer<br>Email - stuart.levey@oracle.com<br>Phone - 737-867-1000 | Trade Payable | | | | $ 334,280 |
| 22 | Apps Associates, LLC<br>40 Nagog Park #105<br>Acton, MA 01720<br>USA | Jill Quintiliani<br>Chief Financial Officer<br>Email - jill.quintiliani@appsassociates.com<br>Phone - 978-399-0230 | Trade Payable | | | | $ 297,987 |
| 23 | Commission Junction, Inc.<br>530 Montecito Street<br>Santa Barbara, CA 93103<br>USA | Santi Pierini<br>Chief Executive Officer<br>Email - santi.pierini@cj.com<br>Phone - 800-761-1072 | Trade Payable | | | | $ 293,146 |
| 24 | Anaplan, Inc.<br>1450 Brickell Ave<br>Miami, FL 33131<br>USA | Hemant Kapadia<br>Chief Financial Officer<br>Email - hemant.kapadia@anaplan.com<br>Phone - 415-742-8199 | Trade Payable | | | | $ 285,167 |
| 25 | Guangdong Donlim Intelligent Electrical Appliances Co., Limited<br>No. 26 Shunye East Road<br>Xingtan Town<br>Shunde District<br>Foshan City, Guangdong 528322<br>China | Stoney Chan<br>Sales & Marketing Manager<br>Email - stoney_chan@donlim.com<br>Phone - 86-0757-25333888 | Trade Payable | | | | $ 266,663 |
| 26 | Act Digital US, Inc.<br>185 Alewife Brook Parkway<br>Suite 210<br>Cambridge, MA 02139<br>USA | Cintya Marur<br>Executive Director<br>Email - cintya.marur@actdigital.com<br>Phone - 774-225-9044 | Trade Payable | | | | $ 231,704 |
| 27 | Skadden, Arps, Slate, Meagher and Flom, LLP<br>One Manhattan West<br>New York, NY 10001<br>USA | Noah J. Puntus<br>Chief Financial Officer<br>Email - noah.puntus@skadden.com<br>Phone - 914-750-3550 | Professional Services | | | | $ 209,150 |
| 28 | VIRA Insight, LLC<br>2701 South Valley Parkway<br>Lewisville, TX 75067<br>USA | Jeff Jones<br>Chief Executive Officer<br>Email - jjones@virainsight.com<br>Phone - 800-366-2345 | Trade Payable | | | | $ 207,507 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | United Parcel Service, Inc.<br>55 Glenlake Parkway NE<br>Atlanta, GA 30303<br>USA | Brian Dykes<br>Chief Financial Officer<br>Email - bdykes@ups.com<br>Phone - 404-828-6000 | Trade Payable | | | | $ 201,260 |
| 30 | Amazon.com, Inc.<br>2127 7th Ave.<br>Seattle, WA 98109<br>USA | Brian Olsavsky<br>Chief Financial Officer<br>Email - olsavsky@amazon.com<br>Phone - 206-266-1000 | Retailer Promotions and Discounts Program Liability | Contingent, Unliquidated | | | Undetermined |

**Fill in this information to identify the case:**

Debtor name **iRobot Corporation, *et al.***

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known) ____________________

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____________________
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration **Consolidated Corporate Ownership Statement and List of Equity Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **12/14/2025**

X ***/s/ Karian Wong***
Signature of individual signing on behalf of debtor

**Karian Wong**
Printed name

**Chief Financial Officer**
Position or relationship to debtor

**OMNIBUS WRITTEN CONSENT OF THE**
**GOVERNING BODIES OF THE UNDERSIGNED ENTITIES**
**December 14, 2025**

The undersigned, being all of the directors of each board of directors or the legal representatives or the sole member, as applicable (each, a "Governing Body"), of the undersigned entities (each, a "Company" and collectively, the "Companies"), do hereby consent and approve in writing, as of the date first written above, pursuant to the provisions of applicable law as to each Company, and the respective organizational documents of each of the Companies, as applicable, to the adoption of the following resolutions, and each and every action shall have the same force and effect as if taken, approved or adopted by affirmative vote at a duly convened meeting of the applicable Governing Body.

**Chapter 11 Filing**

**WHEREAS**, in the first quarter of 2025, the board of directors of iRobot Corporation ("iRobot") appointed Neal P. Goldman as an independent director of iRobot and established the Strategic Process Transaction Committee of the board (the "Special Committee");

**WHEREAS**, the Companies are undertaking various transactions and actions contemplated herein, including the commencement of chapter 11 cases by the Companies set forth in **Exhibit A** (each, a "Debtor Company" and collectively, the "Debtor Companies"), the consensual use of Cash Collateral (as defined herein), and the entry into the Restructuring Support Agreement (as defined herein) by the Companies set forth in **Exhibit B** (each, a "RSA Company Party" and collectively, the "RSA Company Parties") (the transactions and actions described herein collectively, the "Restructuring Transactions").

**WHEREAS**, prior to the date hereof, the Governing Bodies and Special Committee have met, as applicable, considered the Restructuring Transactions described herein, determined them to be the best interests of iRobot, its creditors, and other parties in interest, and recommended that iRobot authorize the Restructuring Transactions.

**WHEREAS**, the respective Governing Body of each Company has considered the financial and operational condition of such Company, including the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies, and presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to them and the effect of the foregoing on such Company's business, and solely with respect to the Debtor Companies, the relative risks and benefits of pursuing cases under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**WHEREAS**, the respective Governing Body of each Company has consulted with the management and the financial and legal advisors of such Company and fully considered

each of the strategic alternatives available to such Company, including the Restructuring Transactions.

**WHEREAS**, the respective Governing Body of each Debtor Company has reviewed and considered its need to employ individuals and/or firms as counsel, professionals, consultants or financial advisors to represent and assist such Debtor Company in carrying out its duties in connection with the cases under the Bankruptcy Code.

**WHEREAS,** the respective Governing Body of each of iRobot US Holdings LLC and iRobot Holdings LLC (the "Amending Parties") has determined that it is advisable and in the best interests of the respective Companies, its creditors, and other parties in interest, to amend the limited liability company agreements of the Companies, (a) as set forth on **Exhibits C** attached hereto (the "Organizational Document Amendments"), the terms of which hereby are incorporated by reference herein, and (b) to be effective as of immediately prior to filing the Chapter 11 Cases (as defined below).

**WHEREAS**, the capacity of the Amending Party in respect of the Company set forth in the immediately preceding recital is referred to herein as the Amending Party's "Amending Capacity" with respect to such Company.

**NOW, THEREFORE, BE IT,**

**Restructuring Support Agreement**

**RESOLVED**, that in the judgment of the respective Governing Body of each RSA Company Party, it is desirable and in the best interests of each such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to enter into that certain restructuring support agreement (the "Restructuring Support Agreement") by and among the RSA Company Parties and Shenzhen PICEA Robotics Co., Ltd. (f/k/a Shenzhen 3irobotix Co., Ltd.) ("Picea"), substantially in the form presented to each such Governing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof, and perform the obligations under the Restructuring Support Agreement.

**RESOLVED**, that Gary Cohen, Jeff Engel, Karian Wong, and Kevin Lanouette (each, an "Authorized Officer" and together the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized, empowered and directed to enter into, on behalf of each RSA Company Party, the Restructuring Support Agreement, and to take any and all actions necessary or advisable to advance such RSA Company Party's rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute the Restructuring Support Agreement on behalf of each RSA Company Party and to take all necessary actions in furtherance of consummation of such agreements' terms.

**Chapter 11 Cases**

**RESOLVED**, that in the judgment of the respective Governing Body of each Debtor Company, it is desirable and in the best interests of such Debtor Company, its creditors, and other parties in interest, that such Debtor Company shall be, and hereby is, authorized to file or cause to be filed voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**RESOLVED**, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby are, authorized, empowered and directed to execute and file on behalf of each Debtor Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action such Authorized Officer deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Debtor Company's business.

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to, in the name of and on behalf of each applicable Debtor Company, employ the law firms of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") and Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as general bankruptcy counsel to represent and assist each such Debtor Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Debtor Company's rights and obligations, including filing any pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Paul, Weiss and Young Conaway.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ Alvarez & Marsal Holdings, LLC ("A&M") as investment banker and financial advisor to each such Debtor Company in connection with the Chapter 11 Cases and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to, in the name of and on behalf of each applicable Debtor Company, employ Stretto, Inc. ("Stretto") as notice, claims, and solicitation agent and administrative advisor to represent and assist each such Debtor Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Debtor Company's rights and obligations; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Stretto.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to, in the name of and on behalf of each applicable Debtor Company, employ any other professionals to assist each such Debtor Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered and directed to, in the name of and on behalf of each applicable Debtor Company, execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with each such Debtor Company's Chapter 11 Case, with a view to the successful prosecution of each such case.

**Cash Collateral and Adequate Protection**

**RESOLVED**, that in the judgment of the respective Governing Body of each Debtor Company, it is desirable and in the best interests of such Debtor Company, its creditors and other parties in interest, that each Debtor Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is, or may be determined to be, security for Picea as party to that certain *Credit Agreement*, dated as of November 24, 2025 (as amended, restated, modified, supplemented, or replaced from time to time in accordance with its terms prior to the Execution Date), by and among iRobot, as borrower, Santrum Hong Kong Co., Limited, as an affiliate of Picea ("Santrum") as administrative and collateral agent, and Santrum as the lender party thereto.

**RESOLVED**, that, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Debtor Company will provide certain adequate protection to Picea (the "Adequate Protection Obligations"), as documented in a proposed interim Cash Collateral order (the "Interim Cash Collateral Order") substantially in the form presented to each Governing Body of the Debtor Companies on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing or authorizing the same shall approve, such approval to be conclusively evidenced by the submission thereof for approval to the Bankruptcy Court.

**RESOLVED**, that each Debtor Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the terms as contemplated under the Interim Cash Collateral Order (collectively, the "Adequate Protection Transactions") and any related documents (collectively, the "Adequate Protection Documents").

**RESOLVED**, that each Authorized Person is hereby authorized and directed, in the name and on behalf of each applicable Company, to take all such further actions, including to pay all fees and expenses, in accordance with the terms of the Cash Collateral Order and any documents in relation thereto (the "Cash Collateral Documents"), which shall, in such Authorized Person's sole judgment, be necessary, proper, or advisable to perform such Company's obligations under or in connection with the Cash Collateral Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

**RESOLVED**, that each Authorized Person is hereby authorized and directed, in the name and on behalf of each applicable Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper, or advisable.

**Organizational Document Amendments**

**RESOLVED**, that the Amending Party, acting in its Amending Capacity with respect to the applicable Company, hereby approves the Organizational Document Amendment, such that the Organizational Document Amendment shall be effective immediately prior to the filing of the first Petition to be filed by any of the Companies;

**RESOLVED**, that the Amending Party, each acting in its Amending Capacity with respect to its applicable Company, hereby authorize and direct the Authorized Officers, and any one of them, to prepare, execute and deliver, in the name and on behalf of the Company, such agreements, documents or other instruments as any Authorized Officer may deem necessary, proper, or advisable to evidence the Organizational Document Amendment approved by the immediately preceding resolution; provided, that nothing in this resolution is intended to imply that any such agreement, document or instrument is so needed, the intent of this resolution being that the immediately preceding resolution and **Exhibit C** attached hereto are, in and of themselves, sufficient to effect the Organizational Document Amendment approved thereby and the authority granted to the Authorized Officers in this resolution is merely supplemental thereto should any such Authorized Officer deem it necessary, proper, or advisable to otherwise or additionally document such Organizational Document Amendment.

**General**

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon each Authorized Officer, each Authorized Officer (and his or her designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including, but not limited to, filing fees, in each case as in such Authorized Officer's (or his or her designees' or delegates') judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED**, that the respective Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice.

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the respective Governing Body of each Company.

**RESOLVED**, that each Authorized Officer (and his or her designees and delegates) be, and hereby is, authorized and empowered to take all actions, or to not take any action in the name of each Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

This Consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same Consent.

[*Remainder of page intentionally left blank; signature pages follow*]

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**BOARD OF DIRECTORS OF iROBOT CORPORATION**

______________________________
Andrew Miller

______________________________
Neal Goldman

______________________________
Karen Golz

______________________________
Michael Lopraco

______________________________
Eva Manolis

______________________________
Julien Mininberg

______________________________
Michelle Stacy

______________________________
Gary Cohen

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**iROBOT HOLDINGS US LLC**

BY iROBOT CORPORATION, SOLE MEMBER

Signed by:
Karian Wong
F5F60064E2DF4EA...

Karian Wong

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**iROBOT HOLDINGS LLC**

BY iROBOT US HOLDINGS, LLC, SOLE MEMBER

Signed by:
Karian Wong
E5F60064E2DF4EA...

_______________________________

Karian Wong

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**BOARD OF DIRECTORS OF iROBOT UK LTD.**, solely with respect to the authorization to enter into the RSA, as set forth above

Signed by:
Karian Wong
E5F60064E2DF4EA...

Karian Wong

Kevin Lanouette

Jean-Jacques Blanc

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**BOARD OF DIRECTORS OF iROBOT UK LTD.**, solely with respect to the authorization to enter into the RSA, as set forth above

____________________________________
Karian Wong

Signed by:
D446E445E5184F1...
____________________________________
Kevin Lanouette

____________________________________
Jean-Jacques Blanc

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**BOARD OF DIRECTORS OF iROBOT UK LTD.**, solely with respect to the authorization to enter into the RSA, as set forth above

______________________________
Karian Wong

______________________________
Kevin Lanouette

DocuSigned by:
Jean Jacques Blanc
1E416FE1514745D...
______________________________
Jean-Jacques Blanc

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**iROBOT FRANCE SAS,** solely with respect to the authorization to enter into the RSA, as set forth above

Signed by:
Karian Wong
F5F60064E2DF4EA...

Karian Wong
General Manager

Kevin Lanouette
President

Nicolas Meurger
General Manager

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**iROBOT FRANCE SAS,** solely with respect to the authorization to enter into the RSA, as set forth above

________________________________________
Karian Wong
General Manager

Signed by:
D446E445E5184F1...
________________________________________
Kevin Lanouette
President

________________________________________
Nicolas Meurger
General Manager

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**iROBOT FRANCE SAS,** solely with respect to the authorization to enter into the RSA, as set forth above

Karian Wong
General Manager

Kevin Lanouette
President

DocuSigned by:
Nicolas MEURGER
97BA88E6CE5E478...

Nicolas Meurger
General Manager

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**BOARD OF DIRECTORS OF iROBOT IBERIA SL,** solely with respect to the authorization to enter into the RSA, as set forth above

Signed by:
Karian Wong
F5F60064E2DF4EA...

Karian Wong

IN WITNESS WHEREOF, the undersigned have executed these resolutions as of the date first set forth above.

**iROBOT JAPAN G.K.**

BY iROBOT CORPORATION, SOLE MEMBER, solely with respect to the authorization to enter into the RSA, as set forth above

Signed by:

D446E445E5184F1...

Kevin Lanouette

## **Exhibit A**

**Debtor Companies**

| | **COMPANY** |
|---|---|
| 1. | iRobot Corporation |
| 2. | iRobot US Holdings, LLC |
| 3. | iRobot Holdings LLC |

## Exhibit B

### RSA Company Parties

| | **COMPANY** |
|---|---|
| 1. | iRobot Corporation |
| 2. | iRobot US Holdings, LLC |
| 3. | iRobot Holdings LLC |
| 4. | iRobot UK Ltd. |
| 5. | iRobot Japan G.K. |
| 6. | iRobot France SAS |
| 7. | iRobot Iberia SL |

# **Exhibit C**

## Organizational Document Amendment

| **COMPANY** | **AMENDING PARTY** |
|---|---|
| iRobot US Holdings, LLC | iRobot Corporation |
| iRobot Holdings LLC | iRobot US Holdings LLC |

The Limited Liability Company Agreement of the entity set forth in the table above, as thereafter amended, is, and hereby is, amended as follows to include the following rider:

> "Notwithstanding anything to the contrary herein or in the Act, no Member shall cease to be a member of the Company upon the happening to the Member of any of the events of bankruptcy described in Section 18-304 of the Act. The death, retirement, resignation, expulsion, incapacity, bankruptcy or dissolution of any or all Members in the Company, shall not cause a dissolution of the Company, and the Company shall continue in existence subject to the terms and conditions of this Agreement."